U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED SEP 11 2003
CLERK

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA
2003 JUL 17 P 2:55
SIGN
BY DEPUTY CLERK

COMPLAINT UNDER THE CIVIL RIGHTS ACT
42 U.S.C. §1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Jerrod A. Wilson

254839
Inmate (DOC) number

03-557-B-M3

(Enter above the full name of each plaintiff in this action.)

VERSUS

Kevin Groom, Rayburn Deville, Joseph Turner, Burl Cain,
Billy Orr, Sergeant Willis, John A. Doe, Richard Stalder
Wilbert Jacobs, Sergeant Scott, Eddie Veal,
John B. Doe,
Alton Montgomery, Willie Thomas, David Bonnette,

(Enter above the full name of each defendant in this action.)

Individual and official capacities

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

**All copies of the complaint must be identical to the original.**

The names of all parties must be listed in the caption and in part III of the complaint exactly

| INITIALS | DOCKET# |
|---|---|
| [illegible] | 10 |

| INITIALS | DOCKET# |
|---|---|
| [illegible] | [illegible] |

**the same.**

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 150.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes (✓) No ( )

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
   Plaintiff(s): Jerrod A. Wilson

   Defendant(s): Kevin Groom, Billy Orr, R. Rachel, David Bonnette Burl Cain and Richard Stalder

2. Court (if federal court, name the district; if state court, name the parish): 19th JDC, Middle District Court

3. Docket number: 19th JDC, #472878 (See Attached Document)

4. Name of judge to whom case was assigned: R. Morgan, Mag. D. Dalby Mag. C. Noland

Docket numbers: Middle District Court, 00-714-C-M3; 00-945-C-M2, 02-0278-C-M2, 03-137-C-M3.

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed without prejudice

6. Date of filing lawsuit: February 21, 2003
7. Date of disposition: June 26, 2003
C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
Yes (✓) No ( )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.
Middle District cases CA-00-827-M1, 00-CV-0944-M3, CA-01-0059-M1, CA-01-0033-M1, 00-0808-A-M3, See Attached Documents

II. Place of present confinement: La. State Penitentiary, Angola, La. 70712

A. Is there a prisoner grievance procedure in this institution?
Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (✓) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. A.R.P. LSP-2002-1242

2. What steps did you take? Grievance steps.

3. What was the result? No relief was given.

D. If your answer is No, explain why not: Prison officials attempt to avoid this civil litigation.

Continued Cases Dismissed
Western District Court. CA-97-0292.
Fifth Circuit Court of Appeal. 01-30607. 01-31041. all other docket numbers are unavailable due to defendants security are refusing to give me (3) three of my bundles of legal material.

III. Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Jerrod A. Wilson #254839
Address Gator 3-R-13, La. State Penitentiary Angola La. 70712

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant See Attached Documents is employed as ______ at ______

C. Additional Defendants: See Attached Documents

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Plaintiff Jerrod Wilson, is a prisoner residing at Louisiana state Penitentiary, Angola Louisiana. He has been confined at all times complained of herein and he is a natural citizen of the United States and the state of Louisiana.

Preliminary Statement

This is a civil rights action Filed by Jerrod Wilson, a state prisoner, For monetary damages and injunctive

relief in interest of justice, alleging cruel and unusual punishment/excessive use of force - by chemical pepper gas mace, deprivation of shower after being maced, unlawfully restraining to an iron bed for (4)-days, further deprivations as of showers, food, water to drink, clothing, use a toilet/restroom and nor exercise for a period of (4)-days due to being restrained to a iron bed, in violation of the Eighth Amendment to the United States Constitution, further in violation of breach of contractual obligation federal consent decree. The failures to intervene/supervise the conditions of Louisiana State Penitentiary, camp-J management program of prisoners confinement in segregation constituted deliberate indifference. The plaintiff also alleges a tort of assault and battery, also negligence causing injuries to plaintiff's head, face, eyes, neck, chest, stomach, arms, back, hands and legs damages, including emotional distress, fright and

shock, embarrassment due to having him let human waste out while laying restrained to a iron bed, humiliation or mortification.

Jurisdiction

1. This Court has jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. 1331, 1343, 2201, 2202; 42 U.S.C. 1983; Fed. R. Civ. Proc. # 65 and 71, to include supplemental jurisdiction 28 U.S.C. 1367.

2. Pendent jurisdiction is invoked to holds defendants liable pursuant to La. Civ. C. P. Arts. 2315-2324, and for breach of contractual obligation of the Ralph V. Dees, 71-94 (M.D. La. 1975), Federal consent decree and conditions of confinement which violates plaintiff's state created rights under Article 1, Section 1, 2, 3, 4, 5, 7, 8, 9, 12, 20, 23 and 24 of the Louisiana Constitution of 1974; La. R.S. 28:171 (A)-(S); La. R.S. 15:828-832; La. R.S. 36:404 (A)-4 and (B)-6.

Parties

3. The plaintiff Jerrod Wilson, is presently incarcerated at Louisiana State Penitentiary, in Angola during the events described in this complaint.

4. Defendants lieutenant-Kevin Groom, captain-Billy Orr, sergeant-Wilbert Jacobs, lieutenant-Alton Montgomery, captain-Rayburn Deville, Sergeant-Willis, sergeant Scott, lieutenant Willie Thomas, captain-Joseph Turner, Sergeant-John A. Doe, lieutenant-Eddie Veal, captain-John B. Doe, assistant warden-David Bonnette and warden-Burl Cain, are all each correctional officials at Louisiana State Penitentiary. They are being sued in their individually and official capacities.

5. Defendant secretary-Richard Stalder, is a appointee who's to oversee the Department of Public Safety and Corrections. He is being sued in his individual and official capacity.

6. At all times the defendants have acted, under color of law, at all times relevant to this complaint.

Facts

7. On May 19, 1999 App. 9:55 pm Jerrod Wilson-plaintiff was sprayed with chemical pepper gas mace while at Louisiana State Penitentiary, camp-J, Gar 1-right cell #2. (Maced by lieutenant Kevin Groom).

8. Which at the time lieutenant Groom, had a thought that plaintiff Wilson, had Flush contraband down the toilet which was lieutenant Groom's maddly reason why he sprayed mace on plaintiff's side, back and face.

9. Plaintiff then stated to lieutenant Groom, that just because he (plaintiff) Flushed the toilet in the cell is not a good reason to spray mace on him.

10. Plaintiff then informed lieutenant Groom, of a fact no inmate's clothes has nothing to do with a rule violation to where a prison official request for a inmate clothes and that it constitutes cruel and unusual punishment and in part violates Due process.

11. PlaintiFF Following informed lieutenant Groom and a captain Billy Orr, that as For this Four point position they was placing him (plaintiFF) in/under was as well as cruel and unusual punishment under the 8th amend. in entirely manner, due to his clothes were tooken, then plaintiFF hands and legs were restrained outward on the sides of the bunk.

12. Following May 20, 1999, 5:30 Am shiFt plaintiFF was still restrained to an LSP iron bed, which he plaintiFF was deprived oF Food, water, use of the toilet and exercise, while sergeant Wilbert Jacobs, lieutenant Alton Montgomery and captain Rayburn Deville, were actively on duty.

13. Following May 20, 1999, 5:30 pm shiFt plaintiFF was still restrained to an LSP, iron bed which he plaintiFF complained oF being deprived oF Food, water, use oF the toilet and exercise while sergeant Willis, lieutenant Kevin Groom, and captain Billy Orr, were actively on duty, including deprived shower.

14. Following May 21, 1999, 5:30 Am shiFt plaintiFF was still restrained to an LSP, iron bed which he plaintiFF complained oF being deprived oF Food, water, use oF the toilet

and exercise while sergeant Scott, lieutenant Willie Thomas and captain Joseph Turner, were actively on duty.

15. Following May 21, 1999, 5:30 pm shift plaintiff was still restrained to an LSP iron bed which he plaintiff complained of being deprived of food, water, use of the toilet, a shower and exercise while sergeant John A. Doe, lieutenant Eddie Veal and captain John B. Doe, were actively on duty.

16. Following May 22, 1999, 5:30 Am shift plaintiff was still restrained to an LSP iron bed which he plaintiff complained of being deprived of food, water, use of the toilet and exercise while sergeant Scott, lieutenant Willie Thomas and captain Joseph Turner, were actively on duty.

17. Following approximately 11:30 Am, May 22, 1999 the plaintiff was unrestrained from the above said (4) four point, by an lieutenant Willie Thomas.

18. That David Bonnette, as assistant warden of camp-J, is responsible for the daily operation of the management

program which includes proper supervision of but not limited to the disciplinary review boards and the camp-J. committee.

19. That Burl Cain, as head warden is responsible for the daily operation of the Louisiana State Penitentiary including the conditions of confinement of prisoners therein. He is the one who promulgated and or approved the L.S.P. directive that allows security to chain plaintiff to the iron bed for four days indefinitedly for non-psychiatric or medical conditions upon proper examination and orders by license doctor(s).

20. That Richard Stalder, as secretary of corrections, he is responsible for establishing all rules and regulations for the disciplining of all prisoners and to provide all them a copy pursuant to La.R.S.15:829. He is further charge by the state constitution to see that every prisoner is treated in an humane manner under constitutional conditions of confinement. Finally he's charged with not compling with all Federal consent decrees and Court. orders.

Claims For Relief

21. The actions of defendant Kevin Groom, in using excessive force of spraying chemical pepper gas mace on plaintiff without need or provocation; following to deprive plaintiff of a shower thereafter spraying mace on him; then restraining plaintiff to a iron bed which caused plaintiff deprivation of water to drink and use of the cell toilet were done maliciously and sadistically and constitutes cruel and unusual punishment deliberate indifference; and assault an battery under La.R.S.14:35, due to the misuse of chemical pepper gas mace sprayed on plaintiff in violation of the Eighth Amendment of the United States Constitution; Further to seize the plaintiff T-shirt and undershorts by defendant Kevin Groom (May 19, 1999) constituted deliberate indifference in violation of the Fourth Amendment of the United States Constitution.

22. The actions of defendant Billy Orr, in failing to take action over this said mentioned above May 19, 1999 matter by not allowing plaintiff to take a shower thereafter knowing plaintiff was illegal sprayed with mace

and assisting defendant Kevin Groom, restrain plaintiff to a iron bed without any clothing on the plaintiff. Knowing the plaintiff would be deprived of water to drink and use of the toilet, were done maliciously and sadistically and constituted cruel and unusual punishment also deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

23. May 20, 1999, 5:30 Am the actions of defendants Wilbert Jacobs, Alton Montgomery and Rayburn Deville, in failing to provide plaintiff with food, water, use of the toilet and exercise, were done maliciously and sadistically and constituted cruel and unusual punishment also deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

24. 5:30pm, May 20, 1999 the actions of defendants sergeant Willis, Kevin Groom and Billy Orr, in failing to provide plaintiff with food, water, use of the toilet, a shower and exercise, were done maliciously and sadistically and constituted cruel and unusual punishment

also deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

25. May 21, 1999, 5:30 Am the actions of defendants sergeant Scott, Willie Thomas and Joseph Turner, in failing to provide plaintiff with food, water, use of the toilet and exercise, were done maliciously and sadistically and constituted cruel and unusual punishment also deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

26. 5:30 pm, May 21, 1999 the actions of defendants sergeant John A. Doe, Eddie Veal and captain John B. Doe, in failing to provide plaintiff with food, water, use of the toilet, a shower and exercise, were done maliciously and sadistically and constituted cruel and unusual punishment also deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

27. May 22, 1999, 5:30 Am the actions of defendants

Sergeant Scott, Willie Thomas, and Joseph Turner, in failing to provide plaintiff with food (breakfast), water, use of the toilet and exercise, until approximately 11:30AM of the said above date, were done maliciously and sadistically and constituted cruel and unusual punishment also deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

28. The actions of defendants David Bonnette, Burl Cain and Richard Stalder, in failure to supervise/intervening assuring that plaintiff is being treated in a humane manner which includes not to be deprived of the following: a shower thereafter being sprayed with chemical pepper gas mace; provide water to drink; provide food to eat; allowed to use the toilet; provided clothing (T-shirt and undershorts) to wear; provided a meaningful and fair disciplinary hearing before any possible penalty may be imposed, plaintiff were deprived of said above which is a protected liberty

interest which also includes the deprived exercise to plaintiff araising from May 19-22, 1999 by defendants subordinates of their continuing known pattern due to the ARP's and disciplinary reports allowing said acts are accessories under La. R.S. 14:23, (2) said above not including the disciplinary hearing issue, were allowed maliciously and sadistically and constitutes cruel and unusual punishment also deliberate indifference in violation of the Eighth Amendment of the United States Constitution; Further, Failure to comply with their contractual obligation of the Federal consent decree helded in Ralph V. Dees, 71-94 (La. M.D. 1975) (disciplinary procedural) constitutes the violation of the Fourteenth Amendment of the United States Constitution.

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. A. Issue a declaratory judgment stating that:

1.) The physical abuse applied on plaintiff, by defendant Kevin Groom, by the use of chemical pepper gas mace

Continue on the next sheet

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this ______day of ________________________, 2003.

Jerrod A. Wilson
Signature of plaintiff(s)

Continuance page #2 of Relief

and restraining plaintiff to a iron bed violated the plaintiff's right under the Eighth Amendment to the United States Constitution and constitutes a assault and battery under state law La.R.S. 14:35, due to the use of mace.

2.) The seizing of plaintiff's T-shirt and undershorts were violated by defendant Kevin Groom, in violation of the Fourth Amendment to the United States Constitution.

3.) Defendant Billy Orr's, actions by refusing to allow the plaintiff shower after being maced and assisting defendant Kevin Groom, restrain plaintiff to a iron bed without any clothing violated the plaintiff's right under the Eighth/Fourth Amendments to the United States Constitution.

4.) May 20, 1999, 5:30 Am the actions of defendants Wilbert Jacobs, Alton Montgomery and Rayburn Deville, depriving the plaintiff of food, water, use of the toilet and exercise, when restrained to the iron bed, violated plaintiff right under the Eighth Amendment to the United States Constitution.

Continuance page #3 of Relief

5.) 5:30pm, May 20, 1999 the actions of defendants Sergeant Willis, Kevin Groom and Billy Orr, depriving the plaintiff of food, water, use of the toilet, a shower and exercise, when restrained to the iron bed, violated plaintiff right under the Eighth Amendment to the United States Constitution.

6.) May 21, 1999, 5:30 Am the actions of defendants Sergeant Scott, Willie Thomas and Joseph Turner, depriving the plaintiff of food, water, use of the toilet and exercise, when restrained to the iron bed, violated plaintiff right under the Eighth Amendment to the United States Constitution.

7.) 5:30pm, May 21, 1999 the actions of defendants sergeant John A. Doe, Eddie Veal and captain John B. Doe, depriving the plaintiff of food, water, use of the toilet, a shower and exercise, when restrained to the iron bed, violated plaintiff right under the Eighth Amendment to the United States Constitution.

8.) That defendants David Bonnette, Burl Cain and Richard Stalder, has breached their contractual obligation of

Continuance page #4 of Relief
Ralph V. Dees, 71-94 (La.M.D.1975), Federal consent decree.

B. Issue an injunction, ordering defendants Burl Cain and Richard Stalder, to:

1.) Not allow inmates to bed restrainted to any type of iron.

C. Reward damges:

1.) Compensatory and Punitive damages from defendants;

2.) Reward attorney Fees and or Pro Se Fees; 28 U.S.C. 1988;

3.) Reward any and all other monetary and equitable relief that plaintiff is entitled to by law;

4.) Trial by jury and judge;

5.) All costs of these proceedings are to be paid for by the defendants.

Jerrod A. Wilson
Jerrod A. Wilson #254839

# Please Serve

1. Kevin Groom-lieutenant
2. Billy Orr-captain
3. Wilbert Jacobs-sergeant
4. Alton Montgomery-lieutenant
5. Rayburn Deville-captain
6. Willis - sergeant
7. Scott- sergeant
8. Willie Thomas-lieutenant
9. Joseph Turner- captain
10. John A. Doe - sergeant
11. Eddie Veal - lieutenant
12. John B. Doe-captain
13. David Bonnette-assistant warden
14. Burl Cain- warden
15. Richard Stalder- Secretary

At: 504 MayFlower Street
Baton Rouge, La. 70821